UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

MICHAEL THOMAS WEATHERS, II,    )
                                )
            Plaintiff,          )
                                )
        v.                      )    No. 2:05-CV-51-JCH
                                )
THOMAS REDINGTON,               )
                                )
            Defendant.          )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Michael Thomas Weathers, II, for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this action against defendant Thomas Redington.  Plaintiff alleges that defendant "coerced Mrs. Tiffany Welty into agreeing to continue to prosecute [him] for rape; when in fact there was no evidence to proceed." Plaintiff claims that "in Jan. 2004 [he] made trial and had the result of 'not guilty' thus [defendant] reprimanded [him] back to the institution."

At the outset, the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court.  Moreover, it is unclear in what capacity defendant

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Redington was acting. Liberally construing the complaint and plaintiff's allegations of "false arrest and imprisonment; malicious prosecution, libel; slander, conspiracy to convict [and misuse of legal process," the Court will treat Thomas Redington as a state prosecuting attorney.

To the extent that plaintiff is attempting to bring a 42 U.S.C. § 1983 action for the violation of his constitutional rights, the action must fail. A prosecutor is absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Myers v. Morris, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. Myers v. Morris, 810 F.2d at 1446. To the extent that plaintiff is attempting to bring this action under 28 U.S.C. § 1332, subject matter jurisdiction does not exist, given that both plaintiff and defendant are Missouri residents. As such, the instant action will be dismissed.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous or fails to state a claim upon which

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

relief may be granted, or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 3rd day of October, 2005

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com